1    JAMES P. KEMP, ESQ.
     Nevada Bar No. 6375
2    KEMP & KEMP
     7435 W. Azure Dr., Suite 110
3    Las Vegas, Nevada 89130
     (702) 258-1183/(702) 258-6983 fax
4    jp@kemp-attorneys.com
     Attorney for Plaintiff

5                    **UNITED STATES DISTRICT COURT**

6                        **DISTRICT OF NEVADA**

7                                 **\*\*\***

8    XIAOYING LAN,                          )
                                            )
9                    Plaintiff,             )
                         vs.                )     Case No.:  3:15-cv-344
10                                          )
     CHEF CHENG'S CHINESE RESTAURANT, INC,  )
11   a Nevada Corporation; SHU JIE CHENG,   )
                                            )     **COMPLAINT**
12                   Defendants.            )
                                            )
13                                          )
                                            )     JURY TRIAL DEMANDED
14                                          )
                                            )
15                                          )

16        COMES NOW THE PLAINTIFF, by and through his counsel, JAMES P. KEMP, ESQ., of

17   KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the

18   Defendant(s) as follows:

19

20   **I.    JURISDICTION AND VENUE**

21        The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 in that it arises under the

22   Constitution, laws, or treaties of the United States, specifically the Fair Labor Standards Act, 29

23   U.S.C. §201 et seq., as amended (herein "FLSA" or "the Act") and has supplemental jurisdiction

24   pursuant to 28 U.S.C. §1367 over related state claims alleged herein.  Venue is proper in the unofficial

25   Northern Division of the Court in that all of the material events complained of herein took place in

26   Elko County, Nevada.

27

28

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

**II.    CLAIMS FOR RELIEF**

**Factual Allegations Common to all Claims**

1.    The Plaintiff is a United States citizen and was at all relevant times mentioned herein, from approximately July 2004 through approximately December 2013 an employee at the Defendants' place of business, Chef Cheng's Chinese Restaurant in Elko County Nevada (hereinafter "Chef Cheng's).

2.    Defendant CHEF CHENG'S CHINESE RESTAURANT, INC. is and was, upon information and belief, at all material times mentioned herein a Nevada Corporation duly organized under the laws of the state of Nevada and, upon information and belief, was and is doing business as CHEF CHENG'S CHINESE RESTAURANT, INC., or it is the liable successor in interest to any previous person or entity that owned and operated above referenced Chinese restaurant located at 1309 Idaho Street, Elko, Nevada 89801.  This entity, or its predecessor in interest, is the former employer of the Plaintiff.

3.    Upon information and belief, the Defendants engage in a for-profit business which has gross revenue in excess of $500,000 per annum and is engaged in the production of goods for interstate commerce and/or the use and/or handling of goods which have moved in interstate commerce as such terms are defined in the FLSA and are employers subject to the jurisdiction of the FLSA.

4.    The Defendant SHU JIE CHENG is or was the employer of the Plaintiff if the corporate defendant is or was defunct, or for any reason is deemed to not be Plaintiff's employer, at any of the relevant times mentioned herein.

5.    The Defendant SHU JIE CHENG is or was the owner or sole or partial shareholder of the corporate defendant.

2

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

6.     The Defendant SHU JIE CHENG is or was a director of the corporate defendant.

7.     The Defendant SHU JIE CHENG is or was an officer of the corporate defendant.

8.     The Defendant SHU JIE CHENG by virtue of his status as an owner, shareholder, director, and officer of the corporate defendant exercises complete control over the corporate defendant.

9.     Throughout this Complaint the term Defendants or Chef Cheng's refers to all Defendants both severally and collectively as the context indicates.  Defendants are employers as defined in the FLSA and under NRS 608.011.

10.     The individual plaintiff has been an employee of the defendants during the time period pertinent to this complaint, to wit, the three years immediately preceding the initiation of this action.  The individual plaintiff has performed labor and services in various occupations that are subject to the aforesaid provisions of the FLSA.  These occupations include, but are not limited to, work as a waitress.  Defendants, through their agents, servants, and/or employees, are engaged in interstate commerce.  Such interstate commerce by said defendants includes, but is not limited to, the shipment and/or purchase and use of a substantial amount of goods and/or information shipped in interstate commerce through the United States Post Office and/or telephone lines and/or other means, as well as other activities constituting interstate commerce under the provisions of said Act.

11.     The labor and services performed by the plaintiff was directly essential to the shipment and use of various goods which moved in interstate commerce, and plaintiff therefor was engaged in commerce or in the production of goods for commerce as that term is used in the Act while employed by the defendants.

12.   That the individual defendant has intentionally acted to violate Federal Law on behalf of the plaintiff's nominal employer(s), who was the corporate defendant and as a result the individual defendant, who was a decision making manager and/or controlling agent and/or principal owner of the corporate defendant, have assumed the position of "employer(s)" and/or the liability otherwise imposed upon "employers" in regards to the plaintiff within the meaning of Federal Law and as a result thereof the individual defendant has assumed personal liability for all sums of money owed to the plaintiff pursuant to Federal Law.

13.   That the intentional violations of law alleged to have been committed herein were done with the specific approval of the individual defendant and make the individual defendant "employer" or "joint employer" of the plaintiff for the purposes of the claims made herein and/or otherwise makes the individual defendant legally liable for the claims made herein.

14.   That the individual and corporate defendants are, upon information and belief, the alter-ego of one another.

15.   That the various violations of law which are alleged herein were committed intentionally and/or willfully by all of the defendants.

16.   On or about December, 2013, the Defendants terminated Plaintiff's employment and discharged her.

17.   Defendants failed to pay Plaintiff her final wages, in accordance with NRS 608.020 and NRS 608.040, for approximately eighty (80) hours of work that Plaintiff performed during her last week of employment. More than thirty (30) days has passed without Defendants paying Plaintiff her final wages.

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18.     Plaintiff began working at Chef Cheng's in July 2004.  From July 2004 until sometime in 2008 the Plaintiff received $800.00 per month in cash for her work as a waitress.  The Plaintiff also received tips from customers.

19.     Throughout her employment at Chef Cheng's Plaintiff regularly worked between 75 and 80 hours per week from 10:00 a.m. to 9:00 p.m.  She generally worked every day of every year except sometimes she had two days off at Thanksgiving time.

20.     Plaintiff was never paid overtime for any hours that she worked over 8 hours per day or 40 hours per week.

21.     After 2008 the Plaintiff was not paid at least the minimum wage applicable to her employment.

22.     At no time was the Plaintiff exempt from overtime under the Act, or Nevada state law.

23.     When Plaintiff would ask to be paid wages from the Defendants for her time worked, she was refused wages and told that she would not be paid wages because she was with Da Peng "Paul" Shao who was the son of Defendant SHU JIE CHENG.  Plaintiff was told that she was not paid wages on her own account because Defendants considered her pay to be included with the compensation received by her boyfriend Shao, whom she later married in approximately May 2010.

24.     Eventually, the Defendants became tired of the Plaintiff's request to be paid wages, including minimum wage and overtime under the FLSA, overtime wages under NRS 608.018, and Nevada Constitution Article 15, Sec. 16.  Defendants terminated the Plaintiff's employment in December 2013 in retaliation for her insistence on being paid minimum wage and overtime.

25.     The Defendants' acts of failing and refusing to pay the Plaintiff her justly due wages and overtime pay were willful acts.

## A.  FIRST CLAIM: VIOLATION OF FLSA MINIMUM WAGE LAW

26.     All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

27.     The plaintiff brings this First Claim for Relief pursuant to 29 U.S.C. § 216(b).

28.     Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and/or §207, the individual plaintiff was entitled to an minimum wage for all hours worked up to and including forty (40) hours per week, the individual plaintiff worked more than forty (40) hours per week for the defendants during most (if not all) of the weeks during which she worked for the defendants, and the defendants willfully failed to make said minimum wage payments.

29.     Plaintiff seeks, on this Second Claim for Relief, a judgment for unpaid minimum wages and additional liquidated damages of 100% of any unpaid minimum wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the plaintiff and the plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

30.     Defendants violations of the FLSA were intentional and willful.

## B.  SECOND CLAIM: VIOLATION OF FLSA OVERTIME WAGE LAW

31.     All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

32.     The plaintiff brings this Second Claim for Relief pursuant to 29 U.S.C. § 216(b).

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

6

33. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and/or §207, the individual plaintiff was entitled to an overtime hourly wage of time and one-half her regular hourly wage for all hours worked in excess of forty (40) hours per week, the individual plaintiff worked more than forty (40) hours per week for the defendants during most (if not all) of the weeks during which she worked for the defendants, and the defendants willfully failed to make said overtime payments.

34. Plaintiff seeks, on this Second Claim for Relief, a judgment for unpaid overtime wages and additional liquidated damages of 100% of any unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the plaintiff and the plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

35. Defendants violations of the FLSA were intentional and willful.

## C. THIRD CLAIM: VIOLATION OF NEVADA MINIMUM WAGE LAW

36. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

37. Defendants' failure and refusal to pay minimum wages as set forth herein violates Nevada Constitution Article 15, Section 16.

38. Plaintiff has suffered damages in an amount to be determined at trial.

39. Defendants are liable under Nevada Constitution Article 15, Section 16.

## D. FOURTH CLAIM: VIOLATION OF NEVADA OVERTIME WAGE LAW

40. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

41.     Defendants have failed to pay Plaintiff overtime wages for all hours worked in excess

of 8 hours per day, or 40 hours per week in violation of NRS 608.018.

42.     Defendants are liable for overtime wages owed to Plaintiff at the rate of 1.5 times her

hourly rate of pay for all hours worked in excess of 8 hours per day or 40 hours per

week.

## E.  FIFTH CLAIM: RETALIATION IN VIOLATION OF FLSA

43.     All other pertinent paragraphs set forth herein are incorporated here by reference

as if fully set forth and re-alleged.

44.     Defendants discharged the Plaintiff in retaliation for her complaining about the

failure to pay her minimum wages and/or overtime wages.

45.     Pursuant to 29 U.S.C. § 216 (b), Defendants are liable to the Plaintiff for violation

of 29 U.S.C. § 215(a)(3).

## F.  SIXTH CLAIM: RETALIATION IN VIOLATION OF NEVADA CONSTITUTION ARTICLE 15, SECTION 16.

46.     All other pertinent paragraphs set forth herein are incorporated here by reference

as if fully set forth and re-alleged.

47.     The Defendants have violated Article 15, Section 16 of the Nevada Constitution

by discharging Plaintiff or discriminating against her in retaliation for asserting her

rights under said Constitutional provisions.

48.     Defendants are liable for any and all remedies set forth in Subsection B of Article

15, Section 16 of the Nevada Constitution.

**G. SEVENTH CLAIM: WAGES DUE AND OWING WITH STATUTORY PENALTY UNDER NRS 608.040**

49.     All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

50.     Defendants failed and neglected to timely pay the Plaintiff his final wages in accordance with NRS 608.020 in that they failed to pay to plaintiff her final wages when due to the plaintiff upon her being terminated or within 3 days thereafter.

51.     Defendants are liable to Plaintiff for the statutory penalty provided in NRS 608.040.

52.     Plaintiff has been forced to expend costs and incur fees to hire an attorney to pursue her rights under the law.

**III.     DEMAND FOR JUDGMENT FOR RELIEF**

The Plaintiff prays judgment against the Defendants, and each of them, as follows:

A.     All applicable relief provided for under 29 U.S.C. § 216 (b) including, but not limited to:

   1.     Money damages for unpaid wages, salary, employment benefits, or other compensation denied or lost due to the violations of law by the Defendants;

   2.     An additional amount as liquidated damages equal to the sum of the amount of damages awarded for overtime compensation denied or lost due to the violations of FLSA by the Defendants in accordance with 29 U.S.C. § 216;

   3.     Interest on the amounts awarded under 1 and 2 above at the prevailing rate;

   4.     Equitable relief as may be appropriate;

   5.     Reasonable attorney's fees, reasonable expert witness fees, and other costs of the action;

B.     All applicable remedies provided for under Nevada Constitution Article 15, Section 16, including "all remedies available under the law or in equity appropriate to remedy any

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

violation of this section, including but not limited to back pay, damages, reinstatement or

injunctive relief. An employee who prevails in any action to enforce this section shall be

awarded his or her reasonable attorney's fees and costs."

    C.   All applicable remedies for Defendants' violation of NRS 608.018 failure to pay overtime.

D.      Pre-judgment and Post-judgment interest on all applicable sums due.

E.      Money Damages for Plaintiff's unpaid final wages and the statutory penalty of thirty (30)

day's pay at Plaintiff's regular rate of pay in accordance with NRS 608.040.

F.      For trial by jury on all issues that may be tried to by a jury.

G.      For such other and further relief as the Court may deem just and proper.

DATED this 1st day of July, 2015.

/s/ James P. Kemp
JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983